## RATKOVITZ v RATKOVITZ

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9877.  Decided April 22, 1929

Messrs. E. C. & C. H. Schwan and J. H. Read, all of Cleveland for Plaintiff in Error.

Mr. Sidney Weitz, Esq., Cleveland, for Defendant in Error.

**VICKERY, PJ.**

Several grounds of error are alleged in the brief some of which are not insisted upon strongly in the oral argument. It seems that this divorce proceeding was brought in the Insolvency Court, said court at that time having jurisdiction in Cuyahoga County in divorce cases, and the Insolvency Court made this continuing order in which this husband was ordered to pay $3.50 per week until further order, but before this proceeding was brought in the Common Pleas Court, the legislature of Ohio had taken away the divorce jurisdiction of the Insolvency Court and transferred it to the Court of Common Pleas, and whatever jurisdiction the Insolvency Court had in divorce matters was by that act transferred to the Common Pleas

Court, and so the motion for an increase of the amount allowed by the court for the support of his former wife was filed in Common Pleas Court.

It was argued, but as already stated, not very strenuously that, inasmuch as this case had already been disposed of, it was not one of those which was **transferred** to the Common Pleas Court. We do not think there is much virtue in this argument because if that were so, then the Insolvency Court having lost control by reason of the act of the legislature taking from it all jurisdiction over divorce matters even though all the jurisdiction was transferred to the Common Pleas Court, there being no order in a particular case, that case could not be transferred and, therefore, there would be no remedy to insure rights of the parties. We do not accede to this doctrine. We think that if the Insolvency Court had continued to have jurisdiction over these matters this order would be subject to modification under the law at any time the jurisdiction of the Insolvency Court was invoked, and that might be invoked by a **motion** even after term, especially in such a case like the present one the decree being only until further order of the court. In other words, the court retained jurisdiction of this matter for the purpose of further adjustment whenever it was called to its attention and the jurisdiction having been taken from the court and transferred to the Common Pleas Court, the Common Pleas Court had the same jurisdiction that the Insolvency Court would have had even had there been no certification; but it is claimed in this case that, as a matter of fact, there was a certification of this matter to the Common Pleas Court.

Having disposed of that question because this court thinks that where there is a continuing order in a divorce matter in the Court of Common Pleas or any other court having jurisdiction, that jurisdiction can be invoked to modify or change the original order at any time without having a petition filed, and the cases that have been cited to us are not in opposition to this theory but were based upon a different proposition of law entirely.

We, therefore, think that the Common Pleas Court had jurisdiction to entertain a motion to increase, to diminish or to modify in any way the allowance for alimony that the Inoslvency Judge granted when the case was before it, and that that could be done by motion, and it was not necessary to file a petition.

We think the only question that really is before this court is whether the facts that were heard by the Common Pleas Judge warranted this increase. The Judge had the evidence before it as to the financial worth of this man and the whole situation, and we cannot say from this record that his judgment upon this question is so much against the weight of the evidence that we would be justified in interfering or modifying this judgment in any way. If the husband has taken upon himself burdens which militate against his helping to support the wife of his youth,

the mother of his eight living children, that is one of the misfortunes that he has brought upon himself. One might go much farther and severely criticise the conduct of this plaintiff in error in procuring a divorce from the mother of his children under the circumstances under which the record shows this one was procured, but that matter was disposed of by the trial court and his judgment and not ours must prevail in that respect. We do think, however, that the order compelling this plaintiff in error to pay $55.00 a month, is not out of keeping with the extent of the money he had and the property he had when this divorce was heard.

We, therefore, can see no reason why we should disturb the finding of the court below and the judgment of the court below will, therefore, be affirmed.

Sullivan, and Levine, JJ, concur.